**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLARICE D. HAGA,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 06-5107

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN OKLAHOMA**
**(D.C. No. 05-CV-13-CVE-FHM)**

---

Submitted on the briefs:[**]

Steve A. Troutman, Troutman & Troutman, P.C., Tulsa, Oklahoma, for
Plaintiff-Appellant.

David E. O'Meilia, United States Attorney; Tina M. Waddell, Regional Chief
Counsel; Virginia Watson Keyes, Special Assistant United States Attorney, Office
of the General Counsel, Region VI, Social Security Administration, Dallas,
Texas, for Defendant-Appellee.

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Before **TACHA**, Chief Judge, **KELLY** and **O'BRIEN**, Circuit Judges.

**KELLY**, Circuit Judge.

Appellant Clarice D. Haga appeals from the denial of her claim for supplemental security income benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

The case was decided at step five of the five-step evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). Appellant has numerous physical and mental impairments, partly resulting from long-term and repeated physical and sexual abuse, the suicide of her sixth husband, and limited education/intelligence. The administrative law judge (ALJ) determined that appellant had the residual functional capacity (RFC) for light work (six hours sitting, standing, or walking and ten to twenty pounds lifting, carrying, pushing, or pulling) with the following non-exertional restrictions: limited to tasks requiring only occasional stooping and "simple, repetitive tasks" with "only incidental contact with the public" and "no requirement for making change." Aplt. App., Vol. II at 20. The ALJ further determined that appellant could not return to her past work as a motel clerk, id. at 21, but could do the job of deli cutter with her RFC, id. at 22.

At the December 3, 2003 hearing, Dr. Dennis A. Rawlings, Ph.D., a consulting mental health professional, testified about appellant's mental impairments and restrictions. He said that "[i]t is possible that she may not be able to maintain competitive employment," but that he would like to do more testing before drawing a conclusion about her restrictions. Id. at 190. The ALJ agreed and the recommended additional testing was done. See id. at 139-50. After Dr. Rawlings did his additional tests, part of his detailed response was to fill out a mental RFC form, on which he marked appellant moderately impaired in seven out of ten functional categories. Id. at 149-50.

Appellant argues that the ALJ's RFC determination reflects restrictions consistent with the three impairments Dr. Rawlings marked on his form concerning understanding, remembering, and carrying out detailed instructions and dealing with the public, but inexplicably rejects the other four restrictions concerning appellant's ability to deal appropriately with supervisors and coworkers and respond appropriately to workplace pressures and changes. See Aplt. Opening Br. at 16-17. Appellant argues that the case should be remanded because the ALJ failed to explain why he rejected some of Dr. Rawlings' restrictions while seemingly adopting others. Appellant relies primarily on Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996), in which this court held that the ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting his decision, the ALJ also must

discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Appellant argues that the evidence at issue here is uncontroverted.

The government never addresses Clifton or appellant's argument that the ALJ failed to explain his reasons for rejecting some of Dr. Rawlings' restrictions, while implicitly adopting others. Rather, the government supplies some reasons that it believes would support the ALJ's RFC finding. The ALJ did not provide these explanations, however. As appellant correctly points out in her reply brief, this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself. See, e.g., Allen v. Barnhart, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process"); see also Robinson v. Barnhart, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (per curiam) (same); SEC v. Chenery Corp., 318 U.S. 80, 88 (1943).

In addition, the government argues that a "moderate" impairment, as defined on the mental RFC form, means that the "individual is still able to function satisfactorily." Aplt. App., Vol. II at 149. Appellant shows in the reply brief, however, that the government has taken the definition for "moderate" on the mental RFC form out of context—a moderate impairment is not the same as no

impairment at all, and Dr. Rawlings clearly intended to indicate impairments on this form. See id. at 149-50. We note that the ALJ also appeared to accept that a moderate impairment was not the same as no impairment at all. By including in his RFC determination that appellant was limited to "simple, repetitive tasks" with "only incidental contact with the public" and "no requirement for making change," id. at 20, the ALJ apparently accepted that appellant is not able to "[u]nderstand and remember detailed instructions," "[c]arry out detailed instructions," or "[i]nteract appropriately with the public," all categories that Dr. Rawlings marked as moderately impaired, id. at 149-50.

Finally, the evidence on which the ALJ explicitly relied in his decision does not imply an explanation for rejecting any of Dr. Rawlings' restrictions on the mental RFC form, and, in fact, the ALJ never stated that he rejected Dr. Rawlings' opinion. See id. at 17-18, 21. As noted above, the rejected moderate restrictions deal with appellant's ability to deal appropriately with supervisors and coworkers and respond appropriately to workplace pressures and changes. See Aplt. Opening Br. at 16-17. Although the ALJ noted appellant's testimony that she can work two to six hours per day as caretaker for her mother, Aplt. App., Vol. II at 21, that evidence does not show that appellant has the "residual functional capacity for work activity on a regular and continuing basis," 20 C.F.R. § 416.945(c), that is, "8 hours a day, for 5 days a week, or an equivalent work schedule," S.S.R. 96-8p, 1996 WL 374184, at *2, and to

"respond appropriately to supervision, coworkers, and customary work pressures in a routine work setting," S.S.R. 86-8, 1996 WL 68636, at *5.

We therefore agree that the ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. See, e.g., Robinson, 366 F.3d at 1083; Hamlin v. Barnhart, 365 F.3d 1208, 1219 (10th Cir. 2004). Although the government is correct that the ALJ is entitled to resolve any conflicts in the record, see Richardson v. Perales, 402 U.S. 389, 399 (1971); Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991), the ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others. We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.

The judgment of the district court is REVERSED and the case is REMANDED with instructions to remand to the agency for additional proceedings.