**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHERYL CONFERE,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 06-4217
(D.C. No. 2:02-CV-673-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[**]

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Sheryl Confere, proceeding pro se, appeals from an order of the district

court affirming the Commissioner's decision denying her application for

disability insurance and supplemental security income benefits. The

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Commissioner denied her claim initially and upon reconsideration. After a hearing, the Administrative Law Judge (ALJ) determined that Ms. Confere was not eligible for benefits, concluding that she was not disabled at step five of the analysis because she could perform a significant number of jobs in the national economy. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step process for evaluating claims for disability benefits). The Appeals Council denied Ms. Confere's request for review, making the ALJ's decision the Commissioner's final decision. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). On appeal, Ms. Confere argues that the district court incorrectly decided the facts because "Social Security had evidence that went over multiple points of condition, even stating severity." Aplt. Br. at 4. Because Ms. Confere is proceeding pro se, we must liberally construe her brief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). We construe this as an argument that the ALJ ignored evidence indicating the severity of Ms. Confere's condition.

Ms. Confere did not file a substantive brief in the district court. Instead, she filed a series of letters suggesting the existence of additional evidence. In

general, we consider an argument waived when it has not been presented to the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). If there are "compelling reasons," however, we can excuse the waiver. *Id.* This case presents such a circumstance. Ms. Confere is pro se and suffers from significant mental limitations. In addition, the ALJ's error could impact the ultimate finding that Ms. Confere was not disabled.

Ms. Confere was thirty-two years old with a high school education and three years of higher education at the time of the alleged onset of her disability on November 5, 1999. She alleges that she became disabled due to migraine headaches, numbness, blackouts, periodic loss of use of parts of limbs, occasional collapse of legs, and twitching. The ALJ found that Ms. Confere had not engaged in substantial gainful activity since the alleged onset date of her disability.

After reviewing the medical evidence, the ALJ determined that Ms. Confere had the following medically determinable severe impairments: "(1) headaches (controlled with conservative medication); (2) Somatoform disorder, i.e., 'paralysis' episodes–'blackouts,' 'seizures,' or dissassociative disorders, (3) affective disorder– depressive type, and (4) borderline personality traits, impairments that are severe within the meaning of the Regulations." Aplee. App. at 16. He concluded, however, that none of these impairments met any of the relevant listings. The ALJ then made a determination regarding Ms. Confere's residual functional capacity (RFC). The relevant portion of her RFC deals with

her mental limitations and states: "Claimant's ability to focus her attention and concentrate, to understand, remember and carry out detailed instructions, and to respond appropriately to changes in work setting is *moderately impaired*." *Id.* at 19 (emphasis added).

The evidence reflects that Dr. Peter Heinbecker performed a consultative psychiatric evaluation of Ms. Confere. He diagnosed Ms. Confere with "Major depression, recurrent, severe"; "Somatization disorder"; "Dissociative disorder"; and "Borderline personality traits." *Id.* at 238. He concluded that Ms. Confere's "ability to understand and remember seems to be moderately impaired. Her ability to concentrate and persist seems to be *significantly impaired*. Her ability to socialize and adapt seems to be moderately impaired." *Id.* at 238 (emphasis added).

Consistent with Dr. Heinbecker's assessment, Dr. M. Egan, a state agency psychiatrist, determined based on her review of the medical records that Ms. Confere had marked difficulties in maintaining concentration, persistence, or pace. *Id.* at 346. Dr. Egan also concluded that Ms. Confere was "[m]arkedly limited" in her "ability to understand and remember detailed instructions" and in her "ability to carry out detailed instructions." *Id.* at 327. In addition, Dr. Egan determined that Ms. Confere was moderately limited in nine other areas. Dr. Egan's assessment was affirmed by another state agency physician. *Id.* at 334, 336.

The ALJ's RFC determination reflects some of the limitations identified by Dr. Heinbecker and Dr. Egan, but does not include their assessment that Ms. Confere has marked difficulties in maintaining concentration, persistence, or pace and Dr. Egan's conclusion that Ms. Confere was markedly limited in her ability to understand, remember and carry out detailed instructions. The ALJ's RFC also omits the nine other areas in which Dr. Egan found Ms. Confere to be moderately impaired.

The ALJ mentions Dr. Heinbecker's assessment during his discussion of the evidence, *id.* at 16, but he does not state that he is rejecting any part of it and gives no indication as to why he would disregard Dr. Heinbecker's conclusion that Ms. Confere was significantly impaired in her ability to concentrate and persist. After making the RFC determination, the ALJ also stated:

> This conclusion is supported by the findings and opinions of the Stage Agency physicians who previously examined the record and reported their opinions at exhibits 15F-17F. Such opinions by program physicians are afforded the weight of expert medical opinions by non-examining physicians in accordance with Social Security Ruling 96-6p. The undersigned *accepts the opinions of the State Agency physicians and has incorporated them into his assessment of the claimant's residual functional capacity*.

*Id.* at 20 (emphasis added). This statement is not accurate. The ALJ could not have accepted and incorporated the opinions of the state agency physicians into his RFC because his RFC directly conflicts with Dr. Egan's assessment.

At the hearing, the ALJ elicited testimony from a Vocational Expert (VE) regarding Ms. Confere's ability to work. The ALJ presented the VE with two hypotheticals. The first hypothetical tracks the RFC that the ALJ ultimately selected. *See id.* at 19, 51-52. The second hypothetical contains additional limitations that were included in the RFC assessment completed by Dr. Egan. *See id.* at 54-55, 327-28. For example, with the second hypothetical the ALJ included that "the individual would be markedly limited in the ability to understand, remember and carry out detailed instructions," as well as a number of other areas of moderate impairment not discussed in the first hypothetical. *See id.* at 54.

The VE concluded that with the restrictions in the first hypothetical, Ms. Confere could perform several sedentary jobs. After the second hypothetical, however, the VE concluded that *no sedentary jobs* could be performed with the included restrictions. *Id.* at 55 (emphasis added). The ALJ selected the RFC that he used for the first hypothetical, which includes some, but not all of the limitations identified by Dr. Heinbecker or Dr. Egan. In addition, the ALJ does not reference the VE's testimony, which was highly probative because it could lead to a finding of disability. The ALJ's decision does not reflect that there was any evidence that he rejected, other than Ms. Confere's testimony about her limitations. *See id.* at 19.

Under our case law, the ALJ "'must discuss the uncontroverted evidence he chooses not to rely on, as well as significantly probative evidence he rejects.'" *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996)). The situation presented in this case is very similar to the situation discussed in one of our recent decisions, *Haga v. Astrue*, ___F.3d ___, No. 06-5107, 2007 WL 970157 (10th Cir. Apr. 3, 2007). In *Haga*, the ALJ adopted some of the restrictions identified by the treating physician, but disregarded other restrictions without any explanation. *Id.* at *1. We concluded that:

> the ALJ should have explained why he rejected four of the moderate restrictions . . . while appearing to adopt others. An ALJ is not entitled to pick through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. Although . . . the ALJ is entitled to resolve any conflicts in the record, the ALJ did not state that any evidence conflicted with [the treating physician's] opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of [the] restrictions but not others. We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.

*Id.* at *2 (citations omitted).

As we did in *Haga*, we must remand here so that the ALJ can explain the evidentiary basis for his RFC determination and his reasons for rejecting portions of the uncontroverted evidence. The judgment of the district court is

REVERSED and the case is REMANDED with instructions to remand to the agency for additional proceedings.

Entered for the Court


Mary Beck Briscoe
Circuit Judge