FILED
United States Court of Appeals
Tenth Circuit

April 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

APRIL ZEMP-BACHER,

     Plaintiff−Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

     Defendant−Appellee.

No. 10-5067
(D.C. No. 4:08-CV-00287-GKF-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **LUCERO**, Circuit Judges.

April Zemp-Bacher appeals from a district court order affirming the denial of her

application for Social Security disability benefits. Exercising jurisdiction under 28

U.S.C. § 1291, we reverse and remand.

**I**

Zemp-Bacher tells us she has suffered depression and anxiety her entire life,

_____

     * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

although her condition allegedly worsened on or about September 9, 2004. Despite her impairments, Zemp-Bacher graduated from high school and completed some college coursework. In the past, she has worked as a waitress, an x-ray assistant, a poultry loader, and a cashier. She has a history of substance abuse and was arrested in May 2005 for possessing and selling methamphetamine. She claims she has been free from continuous substance abuse since her 2005 arrest, although she acknowledges a relapse in early 2006.

After the Social Security Administration denied Zemp-Bacher's application for benefits, she sought review by an Administrative Law Judge ("ALJ"). The ALJ found that Zemp-Bacher was currently unable to perform a full range of work activity. However, the ALJ concluded that "if she stopped" substance abuse, she would be able to perform her past work as a poultry loader. In so doing, the ALJ declined to give controlling weight to the opinions of Zemp-Bacher's psychiatrist, Dr. Azira Vaidya. Subsequently, the Social Security Appeals Council denied Zemp-Bacher's request for review, stating that "the [ALJ's] decision is the final decision of the Commissioner of Social Security in this case." Zemp-Bacher then filed suit in the district court, which affirmed the denial of benefits. This appeal followed.

**II**

The Contract with America Advancement Act of 1996 amended the Social Security Act such that a claimant cannot be considered disabled if alcohol or drug addiction is a "contributing factor material" to her disability. 42 U.S.C. § 423(d)(2)(C).

The implementing regulations provide that the "contributing material factor" inquiry should follow the traditional five-step evaluation[1] where there is evidence of addiction, but they do not offer any additional guidance. 20 C.F.R. § 416.935(a). An internal agency guideline, in the form of an emergency teletype, indicates that an examiner must look closely at periods of abstinence to determine whether the disability persists. See Salazar v. Barnhart, 468 F.3d 615, 623 (10th Cir. 2006) (discussing this teletype). If it is impossible to separate the mental disability from the addiction, the teletype states that a "finding of 'not material' would be appropriate." Id.

The ALJ's decision denying Zemp-Bacher's benefits did not mention the teletype or follow its guidance. Instead, the ALJ first ran through the traditional five-step inquiry for determining disability, considering all of Zemp-Bacher's impairments including her

---

[1] The Social Security Administration employs an oft-repeated five-part sequential evaluation process for determining whether a claimant is disabled. Step one requires a claimant to establish she is not engaged in "substantial gainful activity." Step two requires the claimant to establish she has a "medically severe impairment or combination of impairments." Step three asks whether any "medically severe impairment," alone or in combination with other impairments, is equivalent to any of a number of listed impairments so severe as to preclude "substantial gainful employment." If listed, the impairment is conclusively presumed disabling. If unlisted, the claimant must establish at step four that her impairment prevents her from performing work she has previously performed. If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience.

Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005) (citations omitted).

substance abuse.  Based on this analysis, the ALJ determined that Zemp-Bacher's residual functional capacity did not allow for "sustained work-related mental activities in a work setting on regular and continuing basis" and that she could not return to any past work.

The ALJ then reconsidered steps two through five of the disability analysis, excluding Zemp-Bacher's substance abuse as a factor.  In so doing, the ALJ made several findings:  (1) Zemp-Bacher testified that she was benefitting from medication and counseling; (2) despite relapsing in 2006 and missing several appointments, treatment records indicated she was "doing well with medication and counseling"; and (3) her "statements concerning the intensity, persistence and limiting effects of the symptoms are not entirely credible."  Dr. Vaidya's medical source statement, which indicated "moderate limitations in numerous areas of mental functioning," was also considered.  After reciting the appropriate standard, the ALJ determined that Dr. Vaidya's opinion "cannot be given controlling weight because it is inconsistent with the other substantial evidence."

In light of all the evidence, the ALJ found that, without substance use, Zemp-Bacher would have a residual functional capacity to perform work involving "[n]o more than simple repetitive tasks or more than incidental contact with public."  However, these limitations did not preclude her from returning to work as a poultry loader.  The ALJ thus concluded that because Zemp-Bacher would be able to return to past work "if she stopped" her substance abuse, her substance abuse was a contributing factor material to

her disability. It denied benefits on that basis.

## III

This court reviews an ALJ's decision to ensure it is "free from legal error and supported by substantial evidence." Fischer-Ross, 431 F.3d at 730. "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007). In its analysis, this court must rely on the conclusions drawn by the ALJ and may not "create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

Zemp-Bacher argues that the ALJ erred by failing to follow the direction set forth in the teletype, but we have held that failure to specifically follow this teletype is not "fatal" error. Salazar, 468 F.3d at 624. However, we further explained in Salazar that, regardless of the teletype's impact, an ALJ errs if "there is not substantial evidence to support the ALJ's conclusion that [the claimant] would not be disabled in absence of her [addiction]." Id.

We conclude that the ALJ's determination in this case suffers from this same fatal flaw: a lack of a substantial evidentiary basis for the finding that Zemp-Bacher's substance use was a material factor contributing to her disability. The ALJ concluded that Zemp-Bacher's residual functional capacity would be materially greater without substance abuse than with it. Accordingly, the crux of the ALJ's "material contributing

- 5 -

factor" analysis is its finding that Zemp-Bacher would function at a significantly higher capacity if she abstained from substance abuse.[2]  To support this finding, the ALJ rejected Dr. Vaidya's opinion indicating numerous moderate limitations in absence of substance abuse, and relied on only two pieces of evidence:  (1) Zemp-Bacher's testimony that "she was doing better since starting counseling and medication" and (2) Dr. Vaidya's treatment notes indicating some improvement.  Even ignoring Dr. Vaidya's contrary opinion, no reasonable mind could find the vague bits of evidence noting some improvement enough to support a conclusion that Zemp-Bacher would not be disabled in absence of addiction.  We thus hold that the ALJ's conclusion was not supported by substantial evidence.

We further agree with Zemp-Bacher's assertion that the ALJ erroneously rejected Dr. Vaidya's opinion.  According to the regulations, a treating physician's opinion is owed "controlling weight" as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence."  20 C.F.R. § 404.1527.  The ALJ must "give good reasons . . . for the weight he ultimately assigns the opinion."  Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation omitted).  If he rejects the opinion completely, he must give "specific legitimate reasons for doing so."  Id. (quotation omitted).

---

[2] We further note that the ALJ's decision seems to assume that Zemp-Bacher was currently using drugs. This assumption was not supported by evidence in the record and is contradicted by the ALJ's statement at the hearing, in which he acknowledged that "at the present time, she has been clean except for the one relapse she testified to."

The entirety of the ALJ's explanation of its rejection of Dr. Vaidya's opinion is as follows: "[I]t cannot be given controlling weight because it is inconsistent with the other substantial evidence as noted above." We are not sure what the "above" references; the sentences preceding that statement consist of a lengthy recitation of the applicable legal standards. The most charitable interpretation is that it refers to the discussion of Dr. Vaidya's treatment notes half a page above. This was the view taken by the Appeals Council, which elaborated that the doctor's opinion was "not supported by the doctor's treatment notes that indicate appropriate appearance, normal speech, cooperative interaction and intact and oriented thought."

Having agreed with the ALJ's conclusion, the Appeals Council declined to review or modify the ALJ's decision and explicitly made it "the final decision in this case." See Krauser v. Astrue, 638 F.3d 1324 (10th Cir. 2011) (Appeals Council's denial of review makes "the ALJ's decision the Commissioner's final decision for our review"). But even if we were to consider the Appeals Council's explanation, we cannot uphold the rejection of Dr. Vaidya's opinion, which concerned Zemp-Bacher's limitations in a workplace setting, "over a normal workday and workweek, on an ongoing basis." We do not see how the doctor's opinion is inconsistent with the treatment records relied on by the ALJ, which note that Zemp-Bacher was appropriate and oriented at semi-frequent psychiatric appointments, especially since the doctor never altered her initial diagnosis. See Salazar, 468 F.3d at 625 (noting important distinction between a patient's state in a "sheltered" treatment setting and her capacities in "an independent work environment"); Robinson v.

Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) (treatment records noting improvement with medication provide insufficient basis for rejecting physician's opinion). Moreover, the ALJ's decision never explains what degree of deference it accorded the doctor's opinion or its reasons for doing so, despite clear direction from the regulations and our case law. Watkins, 350 F.3d at 1301; 20 C.F.R. § 404.1527.

On remand, the ALJ should take care to avoid other errors claimed by Zemp-Bacher. The "ALJ is required to consider all of the claimant's medically determinable impairments," including her anxiety disorder; "the statute and regulations require nothing less." Salazar, 468 F.3d at 621. Further, the ALJ must "make findings regarding the physical and mental demands" of Zemp-Bacher's past job as a poultry loader before discerning whether she is capable of returning to that work. See Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir. 1996). The bare statement that the work was "unskilled" will not suffice. Finally, if the ALJ determines that Zemp-Bacher is not credible, that decision must be explained by reference to substantial evidence. See Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005).

## IV

We **REVERSE** and **REMAND** to the district court with instructions to

**REMAND** to the Commissioner for further proceedings consistent with this order and

judgment.

Entered for the Court


Carlos F. Lucero
Circuit Judge