FILED
United States Court of Appeals
Tenth Circuit

July 27, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALICE REVETERIANO,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 11-1560
(D.C. No. 1:10-CV-01483-MSK)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

Plaintiff Alice Reveteriano appeals from a district court judgment upholding

the Commissioner's denial of her application for social security disability benefits.

"We independently review the Commissioner's decision to determine whether it is

free from legal error and supported by substantial evidence," although our review is

limited to those matters preserved in the district-court proceedings and properly

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

presented on appeal.  *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011).
We reverse and remand for further administrative proceedings for the reasons
explained below.

## COMMISSIONER'S DECISION

The Administrative Law Judge (ALJ) denied benefits at the fourth step of the
five-step evaluative process governing disability determinations.  *See Wall v. Astrue*,
561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing process).  At step one the ALJ
noted that Ms. Reveteriano had not engaged in substantial gainful activity from
January 1, 2004, the onset date of her alleged disability, through June 30, 2008, the
last day of her insured status.  At step two the ALJ found that "[t]hrough the date last
insured, [Ms. Reveteriano] had the following severe impairments:  history of back
pain, fatigue, bipolar disorder, general anxiety disorder, and borderline intellectual
functioning."  Aplt. App. Vol. 1 at 13.  At step three the ALJ determined that these
impairments did not meet or equal any of the presumptively disabling impairments
listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  At step four the ALJ found that
Ms. Reveteriano had the residual functional capacity (RFC) for light work, provided
it involved no more than "one month for acquiring the needed skills and information
(i.e., an[] SVP 1 or 2[1])" and only "limited social interaction with the general public,

---

[1]     SVP (Specific Vocational Preparation) refers to the "time required by a typical
worker to learn the techniques, acquire the information, and develop the facility
needed for average performance in a specific job-worker situation."  Dictionary of
Occupational Titles, App. C, Sec. II (4th ed., revised 1991).  A job at SVP 1 requires
(continued)

- 2 -

supervisors, and coworkers."[2] *Id.* at 15. The ALJ concluded that Ms. Reveteriano could still engage in her past relevant work as a teacher's aide, which was "light with an SVP of 2 as she performed it," and as a hand packer, which was "sedentary to light with an SVP of 2 as she performed it." *Id.* at 23. The ALJ thus found her not disabled and therefore not entitled to benefits. The Appeals Council denied review of the ALJ's decision, making it the Commissioner's final decision on judicial review. *Krauser*, 638 F.3d at 1327.

## REVIEW OF COMMISSIONER'S DECISION

Ms. Reveteriano objects to the Commissioner's decision on two general bases: (1) the ALJ violated standards for evaluating medical opinions; and (2) the ALJ erred in determining her RFC. As the Commissioner notes, these objections relate only to Ms. Reveteriano's mental impairments. We therefore do not inquire into the physical aspects of Ms. Reveteriano's RFC for purposes of this appeal. Further, as we agree with Ms. Reveteriano that the ALJ erred in his evaluation of the medical opinions, and the required re-evaluation of those opinions will necessarily inform—indeed may significantly alter—the resultant mental RFC determined on remand, we will not at

---

"a short demonstration only," and at SVP 2 requires "[a]nything beyond a short demonstration up to and including 1 month." *Id.*

[2]     In addition, although not mentioned in the RFC set out in the ALJ's decision, the ALJ also referred to a mild limitation in maintaining concentration, persistence, or pace in his inquiries to the vocational expert (VE) who testified at the hearing about Ms. Reveteriano's past relevant work. *See* Aplt. App. Vol. 1 at 44.

this juncture engage in an advisory discussion of challenges to the current mental RFC. We therefore proceed directly to the relevant medical-source opinions.

The record contains detailed opinions on the functional limitations associated with Ms. Reveteriano's mental impairments from three acceptable medical sources: agency consultative examiner William E. Morton, Psy.D., agency record reviewer James F. Dyde, M.D., and Ms. Reveteriano's own doctor, Barry Coe, M.D.[3] The only opinion from any of these sources explicitly rejected by the ALJ was Dr. Coe's extreme finding, in the category of "[c]omplete a normal workday and workweek without interruption from psychologically based symptoms," that Ms. Reveteriano is "unable to meet competitive standards."[4] Aplt. App. Vol. 1 at 23 (ALJ's decision) and 257 (Dr. Coe's report). The ALJ rejected this as inconsistent with Dr. Coe's own examination and with other evidence in the record. As for the rest of Dr. Coe's mental RFC report, the ALJ did not reject it but deemed it consistent with the opinions of Dr. Morton and Dr. Dyde, to which he gave significant weight.

---

[3]     There are also conclusory comments in the office notes of Ms. Reveteriano's general care physician, Robert L. Carlisle, M.D., which do not refer to the functional consequences of her mental conditions, and an intake report from a non-acceptable medical source, Tracy Salazar, BA, when Ms. Reveteriano first came to the mental health center where Dr. Coe worked.

[4]     This is the highest rating of limitation on the mental RFC questionnaire form completed by Dr. Coe (which ranges from "Unlimited," "Limited but satisfactory," "Seriously limited, but not precluded," to "Unable to meet competitive standards"), conclusively indicating that the "patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting." Aplt. App. Vol. 1 at 257.

*Id.* at 22-23.  While that is accurate to a point, there are material differences among the various opinions—including those of the agency doctors themselves.  And several mental limitations recognized in one or more of these unrejected opinions were never accounted for in the ALJ's analysis.

Ms. Reveteriano thus objects that the ALJ selectively recognized findings from these medical sources that fit with his denial of benefits, while ignoring other findings from the same sources that did not, without any explanation for accepting the former and rejecting the latter.  As she notes, an ALJ may not "'pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.'"  *Chapo v. Astrue*, ___ F.3d ___, 2012 WL 2384354, at *5 (10th Cir. June 26, 2012) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (further quotation omitted)).  And, of course, to the extent there are differences of opinion among the medical sources, the ALJ must explain the basis for adopting one and rejecting another, with reference to the factors governing the evaluation of medical-source opinions set out in 20 C.F.R. §§ 404.1527(d)-(f), 416.927(d)-(f). *See generally Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ's analysis here ran afoul of both of these basic principles.

We set out below material mental limitations recognized by one or more of the medical sources in this case that were not accounted for by the ALJ.  We note that a "moderate" limitation "is not the same as no impairment at all" and thus cannot be ignored as a potential element in a claimant's RFC.  *Haga*, 482 F.3d at 1208.  And a

rating of "seriously limited but not precluded" is equivalent to a "marked" limitation in the regulatory listings, reflecting a "degree of limitation [that] is such as to seriously interfere with the ability to function independently, appropriately and effectively." *Cruse v. U.S. Dep't of Health & Human Servs.*, 49 F.3d 614, 618 (10th Cir. 1995) (internal quotation marks omitted) (clarifying that rating of "seriously limited but not precluded" is not "evidence of ability" but "evidence of *dis*ability"), *superseded on other grounds by regulation as stated in Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008). The following areas were found materially limited by at least one of the medical sources, but no limitation at all was acknowledged by the ALJ:

1. Ability to complete a normal workday/workweek without interruption from psychologically based symptoms:

   Dr. Dyde found a moderate limitation. Aplt. App. Vol. 1 at 213.

   [As noted above, Dr. Coe found a preclusive limitation in the one medical finding expressly rejected by the ALJ, who then ignored any corroborating, though lesser, limitation such as found by Dr. Dyde].

2. Ability to respond appropriately to stress or changes in the work place:

   Dr. Morton found a moderate limitation in responding to changes in the work setting. *Id.* at 208 (also noting associated moderate limitation in using good judgment in work setting).

   Dr. Coe found Ms. Reveteriano "seriously limited but not precluded" in her ability to respond to normal work stress. *Id.* at 257.

3. Ability to follow work procedures without special supervision:

   Dr. Dyde found a moderate limitation on sustaining ordinary routine without special supervision. *Id.* at 212.

In addition, even with regard to the limitation on concentration, persistence, or pace that the ALJ appeared to acknowledge in his questioning of the VE, the ALJ's "mild" rating was inconsistent with some of the medical-source findings. Dr. Dyde found a moderate limitation on maintaining concentration and attention for extended periods, *id.* at 212, 226, and Dr. Coe found Ms. Reveteriano's ability to maintain attention for a two-hour period seriously limited, *id.* at 257. Dr. Dyde also found a moderate limitation on maintaining a consistent pace. *Id.* at 213.

In sum, for three categories of mental impairment that the ALJ ignored, there were medical-source opinions indicating a significant limitation, and for one category of mental impairment that the ALJ (apparently) recognized as mild, there were medical-source opinions indicating a more severe limitation. Of course, the ALJ's RFC could still have been justified by a decision that rejected, and gave adequate reasons for rejecting, all of the opinions that contradicted the ALJ's conclusions. But, aside from the one extreme opinion of Dr. Coe on Ms. Reveteriano's conclusive inability to complete a normal workday and workweek, the ALJ did not explain how and why he deviated from the various opinions noted above. On the contrary, the ALJ recited that the opinions of Dr. Morton and Dr. Dyde were consistent with the medical record and purported to accord them (and by implication most of Dr. Coe's findings, which he deemed consistent with those of Morton and Dyde) "significant weight." *Id.* at 22-23. Having done that, the ALJ was not entitled to pick through

these unrejected opinions and choose only the parts that were favorable to a finding of nondisability.

Accordingly, this case must be remanded to the agency so that the ALJ can (1) properly assess the medical-source evidence, accepting and rejecting the material findings for reasons explained on the record, (2) revisit the question of mental RFC in light of that assessment, and (3) account for the vocational consequences of the resultant mental RFC determination at steps four and/or five of the evaluative process for resolving disability claims.[5]

The judgment of the district court is REVERSED and the cause is REMANDED with instructions to remand the matter to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[5] We should clarify a point about Ms. Reveteriano's past work in the event the ALJ again resolves this case at step four. Ordinarily, the evaluation of disability is concerned with the capacity to perform "sustained work activities in an ordinary work setting on a regular and continuing basis," which "means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, 1996 WL 374184, at *2. But such full-time work is not always necessary to support a finding of nondisability at step four; "[p]art-time work *that was [nonetheless] substantial gainful activity*" can qualify as past relevant work for that purpose. *Id.* at *2 n.2 (emphasis added). One of the two jobs the ALJ found Ms. Reveteriano could return to (only as she had performed it) was for just 15 hours per week. Aplt. App. Vol. 1 at 104. And it did not meet the presumptive earning level to qualify as substantial gainful activity. *See* 20 C.F.R. § 404.1574(b). Its use as past relevant work is therefore problematic.