FILED
United States Court of Appeals
Tenth Circuit

December 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHANAN E. WILSON,

  Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

  Defendant-Appellee.

No. 14-5034
(D.C. No. 4:11-CV-00615-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

This appeal involves the denial of a motion for an award of
attorneys' fees. The appeal grew out of our decision in *Wilson v. Colvin*,
541 F. App'x 869 (10th Cir. 2013), where we reversed a district court
judgment affirming the Commissioner's denial of an application for
disability benefits. On remand, Ms. Wilson moved for attorney fees under

---

[*]   The Court grants the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

   This order and judgment does not constitute binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. But the order
and judgment may be cited for its persuasive value consistent with Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The district court denied the motion, holding that the Commissioner's position was substantially justified. Ms. Wilson appeals, and we affirm.

In the previous appeal, Ms. Wilson argued that the administrative law judge had erred in analyzing evidence of an opinion by Dr. Denise LaGrand, a consultative examiner. According to Ms. Wilson, the administrative law judge failed to explain the decision to reject moderate limitations assessed by Dr. LaGrand.

Using a mental RFC evaluation form, Dr. LaGrand found that Ms. Wilson had

- mild restrictions in the ability to interact appropriately with the public and with co-workers, and

- moderate restrictions in the ability to interact appropriately with supervisors and respond appropriately to usual work situations and to changes in a routine work setting.

*See* Aplt. App., vol. 3 at 484. The administrative law judge limited Ms. Wilson to "simple, unskilled work" and restricted her contact with the public, co-workers, and supervisors, but also stated that Ms. Wilson had the ability to adapt to work situations. *Id.*, vol. 2 at 15.

We held that the district court should have reversed because the administrative law judge failed to explain why he had rejected some of the doctor's limitations, and adopted others. Based on that failure, we reversed and remanded, with instructions to direct the agency to clarify

whether it intended to reject Dr. LaGrand's moderate restrictions on Ms. Wilson's ability to respond and adapt to work settings. *Wilson*, 541 F. App'x at 874.

As the prevailing party, Ms. Wilson filed an EAJA motion, arguing that the Commissioner lacked substantial justification to defend the agency's decision. Opposing the motion, the Commissioner contended that her position was reasonable even though it ultimately did not convince our court. Ms. Wilson responded that the Commissioner's position was not substantially justified because in *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), we had already rejected her contention that a moderate limitation was the same as no limitation based on the mental RFC form's definition of "moderate."

The district court denied Ms. Wilson's motion. It held that the Commissioner had reasonably argued that the administrative law judge's assessment accounted for all of Dr. LaGrand's limitations. With this holding, the district court acknowledged that we had previously rejected in *Haga* one of the Commissioner's contentions. But, the district court concluded that contention "was only one aspect of [the Commissioner's] argument, and certainly was not the main focus." Aplt. App., vol. 1 at 194 n.2. The court gave three reasons for concluding that the Commissioner's position was substantially justified:

1. The administrative law judge thoroughly summarized Dr. LaGrand's medical opinion.

2. The administrative law judge framed his hypothetical question to the vocational expert as limiting Ms. Wilson's ability to adapt to work settings to the particular circumstances expressed in the hypothetical (which included the limitations ultimately stated in the RFC assessment).

3. The administrative law judge commented in the decision that "the record does not contain any opinions from treating or non-treating physicians indicating that claimant is disabled, or has medical or functional limitations greater than those determined in this decision."

*Id.* at 195 (internal quotation marks omitted).

We review for an abuse of discretion a district court's determination that the Commissioner's position was substantially justified. *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011). The court abuses its discretion when it bases its ruling on an incorrect legal conclusion or relies on factual findings that are clearly erroneous. *Id.* In applying this standard, we can consider the government's success in the district court. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Commissioner has consistently argued that the administrative law judge's assessment of functional capacity encompassed all of Dr. LaGrand's limitations. But, the Commissioner has asserted different (and arguably conflicting) grounds to support this claim. On the one hand, the Commissioner contends that the moderate restrictions found by Dr. LaGrand are equivalent to *no* restrictions in light of the definition of

"moderate" in the mental RFC form that the doctor completed. That form defined "moderate" as "more than a slight limitation in this area but the individual *is still able to function satisfactorily*." Aplt. App., vol. 3 at 483 (emphasis added). But, we rejected this contention in *Haga*, where we stated that "a moderate impairment is not the same as no impairment at all." 482 F.3d at 1208.

But, the Commissioner also argues that the administrative law judge intended to address all of Dr. LaGrand's moderate restrictions. According to the Commissioner, the administrative law judge concluded that Ms. Wilson's moderate difficulties in responding and adapting to work settings are addressed by restricting the jobs to simple, unskilled work and by limiting contacts with co-workers, supervisors, and the public. The Commissioner asserts that this reading of the residual functional capacity assessment is substantially justified based on the other findings and the way that the administrative law judge framed the hypothetical to the vocational expert.

The hypothetical question asked the vocational expert to assume an individual with limitations involving unskilled work activities, limited ability to relate to coworkers and supervisors, and inability to relate to the general public. The question then directed the vocational expert to assume the individual "could adapt to a work situation *under those circumstances*."

Aplt. App., vol. 2 at 95 (emphasis added). Thus, the hypothetical question drew an explicit connection between the limitations stated and Ms. Wilson's ability to adapt to work situations. In these circumstances, the Commissioner could reasonably argue that the administrative law judge intended to draw the same connection in the residual functional capacity assessment.

On appeal, Ms. Wilson argues that the Commissioner lacked substantial justification after *Haga* to treat moderate limitations as the equivalent of no limitation. But, the district court held that argument was not the Commissioner's main focus, and we cannot regard that determination as irrational. *See Madron*, 646 F.3d at 1257. The district court then considered the Commissioner's alternative contention supporting her position and found it reasonable. Ms. Wilson fails to show that the district court abused its discretion in holding that argument was substantially justified. Thus, we affirm the denial of Ms. Wilson's motion for fees under the EAJA.

Entered for the Court


Robert E. Bacharach
Circuit Judge