FILED
United States Court of Appeals
Tenth Circuit

May 26, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPHINE E. BENAVIDEZ,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant - Appellee.

No. 15-1260
(D.C. No. 1:14-CV-01455-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

Josephine E. Benavidez appeals from the district court's decision affirming the

Commissioner's denial of her applications for disability benefits and supplemental

security income. On appeal, she raises only one question: whether the

administrative law judge (ALJ) erred in assessing the medical opinions regarding her

mental impairments. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C.

§ 1291, we reverse and remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

In addition to certain physical impairments, the ALJ found that Ms. Benavidez suffers from mild cognitive impairment, depression, anxiety, and status post cerebral aneurysm. There were no treating-physician opinions regarding these impairments. The three medical opinions available to the ALJ were from consulting psychologist Richard Madsen, Ph.D.; non-examining state agency reviewer, Arthur Lewy, Ph.D.; and non-examining hearing witness Dr. Ellen Rosenfeld.

After examining Ms. Benavidez, Dr. Madsen opined:

> She is depressed and [has] difficulty maintaining focus and concentration, energy, and motivational levels. Cognitive functioning appeared mildly impaired, most likely due to anxiety. Her ability to do work-related activities is impaired because of these things. She will have difficulty maintaining a regular work schedule, focusing and concentrating on work, relating to peers, co-workers, supervisors and the general public.

Admin. R., Vol. III at 407.

Dr. Lewy reviewed the records and opined that Ms. Benavidez was moderately limited in the ability to understand and remember detailed instructions, clarifying that "[she] is able to understand and remember 1–4 step instructions." *Id.*, Vol. I at 113, 127. He opined that she was not significantly limited in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances. He assessed moderate limitations on her ability to complete a normal workday and workweek without interruption from psychologically based symptoms, specifying, however, that "[she] is able to complete tasks at a normal pace." *Id.* at 114, 128. And he assessed moderate limitations on her ability to interact appropriately with the general public, stating that "[she] is able to work with the

2

public on a cursory basis.  She is able to work with co-workers and supervisors." *Id.*

at 114, 128.  He notes that Dr. Madsen assessed more limitations but found his

opinion unpersuasive.

Dr. Rosenfeld reviewed the records and testified:

> With regards to understanding, remembering and carrying out, she certainly
> can handle simple, routine, as well as occasional detailed [sic].  She would
> not be able to handle complex instructions.  She's able to attend and
> concentrate . . . to complete tasks of a simple, routine and more detailed
> nature.  Socially, she probably would do best in a setting without sustained
> general public contact though she certainly can be in proximity with them.
> She can be in proximity with coworkers, probably would do best without
> joint or shared tasks and can handle supervisory contact.

*Id.* at 92.  She assessed no limits with regard to supervisory contact and indicated that

occasional contact with the public would be up to 1/3 of a day.

After summarizing the opinions, the ALJ afforded "great weight" to all three.

*Id.* at 62.  She found that Dr. Madsen's and Dr. Lewy's opinions were supported by

the medical evidence, and that Dr. Rosenfeld's testimony was consistent with their

opinions.

> These professionals opine that the claimant remains capable of simple,
> routine, and repetitive tasks and some detailed tasks.  She is capable of
> interacting with supervisors, but she has some limitations in interaction
> with the general public.  She is capable of working in proximity to others,
> but not on the same tasks.

*Id.*  In assessing residual functional capacity (RFC), the ALJ found that

Ms. Benavidez could perform sedentary work consisting of "simple, routine, and

repetitive tasks and occasional detailed tasks (up to 1/3 of the day).  [She] is capable

of interaction with the public for up to 1/3 of the day and unlimited interaction with

3

supervisors and co-workers. [She] is capable of working in close proximity to co-workers, but not on the same task." *Id.* at 59.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Ms. Benavidez complains that the ALJ purportedly gave "great weight" to all three opinions. But then, in formulating the RFC, the ALJ adopted wholesale the restrictions assessed by Dr. Rosenfeld and did not adopt restrictions assessed by Dr. Madsen.[1] And she did not explain why she did not incorporate those restrictions.

An examining physician's opinion is presumptively entitled to more weight than an opinion derived from a review of the records. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012). "An [examining physician] opinion . . . may be dismissed or discounted, of course, but that must be based on an evaluation of all of the factors set out in the . . . regulations and the ALJ must provide specific, legitimate reasons for rejecting it." *Id.* (internal quotation marks omitted).

Further, an ALJ cannot, without explanation, adopt some restrictions assessed by a physician and reject others that the physician also assessed. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007) (relying on *Haga*); *Winfrey v. Chater*, 92 F.3d 1017, 1024

---

[1] Ms. Benavidez also complains that the ALJ did not adopt restrictions assessed by Dr. Lewy. We read Dr. Lewy's opinion as substantially similar to Dr. Rosenfeld's opinion, and thus do not consider the ALJ's failure to assess restrictions in exactly the terms used by Dr. Lewy to be reversible error.

(10th Cir. 1996) (stating that the RFC did not accurately reflect a claimant's impairments when the ALJ found a medical opinion entirely credible, but did not include all assessed limitations). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Here, the ALJ noted Dr. Madsen's opinions that Ms. Benavidez would have difficulties, and she purportedly afforded Dr. Madsen's opinion great weight. But then she ignored his assessments that Ms. Benavidez would have difficulty maintaining a regular work schedule, focusing and concentrating on work, and relating to supervisors, instead adopting Dr. Lewy's and Dr. Rosenfeld's opinions. And she did not explain why she adopted Dr. Lewy's and Dr. Rosenfeld's opinions instead of Dr. Madsen's assessments. Accordingly, the ALJ erred in handling Dr. Madsen's opinion.

In light of the record, we are not convinced the errors are harmless. The vocational expert testified that more than approximately one absence per month on a consistent and unscheduled basis would preclude employment, and that an individual who is off task fifteen percent of the time would not be able to maintain employment. The Commissioner's arguments in support of affirmance—including that Dr. Rosenfeld's and Dr. Lewy's opinions were more detailed than Dr. Madsen's and what a "reasonable reading" of the ALJ's decision would be—amount to post hoc justifications, which we cannot entertain. *See Frantz*, 509 F.3d at 1302; *Haga*, 482 F.3d at 1207-08.

The district court's decision is reversed, and the action is remanded to the district court with instructions to remand to the Social Security Administration for further proceedings.

Entered for the Court

Gregory A. Phillips
Circuit Judge