FILED
United States Court of Appeals
Tenth Circuit

October 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KATRINA M. HAYS,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 14-1420
(D.C. No. 1:13-CV-01115-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **McHUGH**, Circuit Judges.
_____

Katrina M. Hays appeals from the district court's order affirming the

Commissioner's decision denying her application for Social Security disability

benefits and supplemental security income benefits. Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we reverse and remand for further

proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.  Background

Ms. Hays applied for benefits in November 2006.  After the administrative denial of her claims, she went before an administrative law judge (ALJ), who also denied her application.  The Appeals Council remanded the matter to the ALJ, who held a second hearing and then denied the application again.  The Appeals Council declined to review the ALJ's decision.  Ms. Hays proceeded to the United States District Court for the District of Colorado, which remanded the case for further proceedings.

On remand, a different ALJ held a hearing, determined Ms. Hays was not disabled at step five of the required sequential analysis, and denied her application. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (explaining five-step process for evaluating claims for disability benefits).  The Appeals Council declined to review the ALJ's decision, and Ms. Hays appealed to the district court, which affirmed the ALJ's decision.

In this appeal, Ms. Hays contends the determination of non-disability must be reversed because the ALJ:  (1) improperly assessed an examining physician's report; (2) rejected a physical therapist's functional capacity evaluation (FCE); and (3) rejected the opinions of two treating physicians.  Because we agree with part of Ms. Hays's first argument, a remand is required.  We reject her other arguments.

## II.  Standard of Review

We review de novo the district court's ruling in a social security case and "independently determine whether the ALJ's decision is free from legal error and

2

supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). To determine whether the substantiality test has been met, we meticulously examine the record as a whole, but we do not reweigh the evidence or substitute our judgment for that of the ALJ. *Id.* at 1070-71.

## III. Analysis

### A. Examining Physician's Report

Dipesh Amin, M.D., an examining physician, evaluated Ms. Hays in March 2008. He produced a report that primarily addressed her complaints of right hand and wrist pain but also addressed her complaints of knee problems. Regarding the latter, Dr. Amin wrote in the narrative portion of his report that Ms. Hays could "stand approximately four hours out of a day with appropriate breaks due to pain in her right lower extremity." Aplt. App., Admin. R. Vol. 2, at 409. In another part of the report, Dr. Amin checked a box indicating Ms. Hays could stand for four hours "at one time without interruption" and another box indicating she could walk for four hours "at one time without interruption." He also checked a box indicating she could stand for four hours "total in an 8 hour workday" and another box indicating she could walk for four hours "total in an 8 hour workday." *Id.* at 411.

During the hearing, the ALJ posed a hypothetical question to the vocational expert that supposed a person who "could stand or walk with normal breaks for a

3

total of six hours in an eight-hour workday." *Id.*, Vol. 3, at 679. In response, the vocational expert opined that such an individual could perform light work jobs, including furniture rental consultant, investigator of car dealer accounts, and usher. The question and response were consonant with SSR 83-10, 1983 WL 31251, at *6, which provides: "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

The ALJ found Ms. Hays had three severe impairments: right upper extremity pain status post surgeries, right knee degenerative joint disease, and obesity. Nonetheless, the ALJ determined Ms. Hays had the residual functional capacity (RFC) to perform light work, with the following limitations:

> claimant could lift and/or carry ten pounds frequently and twenty pounds occasionally with her left non-dominant upper extremity; should avoid lifting and/or carrying with her right dominant upper extremity and should not use her right upper extremity other than as an assist; could perform pushing and/or pulling motions with her left upper and lower extremities within the aforementioned weight restrictions but should not push and/or pull with her right upper or lower extremities; could perform activities requiring bilateral dexterity for both fine and gross manipulation with handling and reaching but should only occasionally perform overhead reaching, handling, fingering and feeling with her right upper extremity; should avoid unprotected heights and should not climb ladders, ropes or scaffolds.

Aplt. App., Admin. R. Vol. 3, at 643-44. The ALJ's decision refers just briefly to Dr. Amin's assessment, without assigning an explicit weight to it, and that reference is to only the portion of the report discussing Ms. Hays's impairment of her upper right extremity.

4

Ms. Hays contends that this was error because the report is inconsistent with the ALJ's RFC determination in two critical ways. First, Dr. Amin's report includes restrictions on standing and walking that were not incorporated into the RFC limitations and that are inconsistent with the requirements to perform light work. Second, Dr. Amin's report included a restriction on handling papers (also not adopted by the ALJ) which would preclude her from performing the jobs listed by the vocational expert. Though we are not persuaded by Ms. Hays's argument concerning her ability to handle papers, we agree that the ALJ erred by failing to adequately address Dr. Amin's standing and walking restrictions.

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (internal quotation marks omitted). An ALJ's failure to weigh a medical opinion may be deemed harmless error if the opinion is "generally consistent" with the RFC determination. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). However, "this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *see also Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011) ("[T]he ALJ's findings must be sufficiently specific to make clear to any subsequent reviewers the weight he gave to the treating source's medical opinion and the reason for that weight." (internal quotation marks omitted)).

5

### 1. Restrictions on Standing and Walking

The ALJ determined Ms. Hays had the RFC to perform light work with the limitations quoted above, none of which directly pertains to standing or walking. In doing so, the ALJ did not adequately assess Dr. Amin's report and its standing and walking restrictions.

An ALJ must "give consideration to all the medical opinions in the record." *Keyes-Zachary*, 695 F.3d at 1161. Further, the ALJ must discuss the weight being given to the opinions, though the need for express analysis is less where the opinions are not inconsistent with each other or the ALJ's RFC determination. *Id.* at 1161-62. Here, the ALJ mentioned Dr. Amin's report only in connection with Ms. Hays's upper right extremity, with no discussion of the weight being given to it. The ALJ did not even mention or weigh Dr. Amin's report as it related to her knee or her ability to stand and walk. Since the report as it relates to Ms. Hays's ability to stand and walk is consistent with neither the ALJ's RFC determination nor the hypothetical posed to the vocational expert in formulating the determination, the failure to consider and weigh it was error.

The district court concluded that the ALJ did not err by failing to weigh Dr. Amin's opinion because it was consistent with other medical opinions in the record. The report is consistent with some of the other evidence in the record that the ALJ found persuasive, most notably the report of Robert E. Tuchler, M.D., the independent medical examiner. But neither Dr. Tuchler's report nor the ALJ's RFC determination addresses knee problems or restrictions on standing and walking. The

6

Commissioner argues on appeal that the RFC determination can be reconciled with Dr. Amin's report because by checking boxes for four hours of both standing and walking, Dr. Amin meant she could do four hours of each activity in an eight-hour workday. However, we decline to interpret the report in such a manner for several reasons. First, in the narrative section of the report, Dr. Amin restricts Ms. Hays to four hours of standing but makes no mention of additional time for walking. Second, this interpretation would still leave an inconsistency with the hypothetical posed to the vocational expert, which contemplated up to six hours of either standing or walking, without placing a four-hour limit on either activity. Moreover, such an interpretation would create redundancy within the form itself.

Because the ALJ's decision does not adequately address the standing and walking restrictions in Dr. Amin's report, a remand for clarification on this issue is required.

### 2. Restriction on Handling Papers

Dr. Amin also checked a box in his report indicating Ms. Hays could not "sort, handle, [or] use paper/files." Aplt. App., Admin. R. Vol. 2, at 415. Notations in the report state this was due to the limited use of her right hand and that the restriction would not last for twelve months, once her wrist healed. Nothing in the record suggests this restriction still would have been relevant more than four years later, when the ALJ formulated Ms. Hays's RFC, or that it was not addressed within the limitations the ALJ placed on her RFC. In addition, the vocational expert stated the occupations that fit Ms. Hays's profile could be performed one-handed. *Id.*,

7

Vol. 3, at 681. Therefore, we discern no error with respect to the ALJ's assessment of Ms. Hays's ability to handle papers.

### B. Physical Therapist's FCE

Barry D. Brown, a physical therapist, performed two FCEs of Ms. Hays in August 2006 and October 2007. In the August 2006 evaluation, Mr. Brown assessed Ms. Hays as able to perform medium work; in October 2007, he assessed her as able to perform only sedentary work. Ms. Hays argues that the ALJ erred by assigning little weight to the October 2007 evaluation. We find no error.

Physical therapists fall within the category of "other sources," whose opinions may be considered to show the severity of a claimant's impairment. *See* 20 C.F.R. § 404.1513(d) & 404.913(d); SSR 06-03p, 2006 WL 2329939, at *1-2 (Aug. 9, 2006). An ALJ generally should explain the weight given to opinions from such sources. *Keyes-Zachary*, 695 F.3d at 1163. "[T]he factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not acceptable medical sources as well as from other non-medical sources." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (internal quotation marks omitted).

The ALJ gave little weight to Mr. Brown's evaluations, noting that "they were based upon claimant's presentation on those instances alone, the latter of which was marked by claimant declining to attempt some of the tasks." Aplt. App., Admin. R. Vol. 3, at 646. Although some of the § 404.1527 factors weigh in favor of Mr. Brown's evaluation, the ALJ was entitled to give it diminished weight because

8

he was not a treating source and saw Ms. Hays only twice, made assessments that were inconsistent with each other, and noted in his report her unwillingness to perform some of the functional ability tests. *See* 20 C.F.R. § 404.1527(c)(2), (4), (6); *see Keyes-Zachary*, 695 F.3d at 1164 (finding ALJ was justified in relying on acceptable medical source rather than "other source"). We will not reweigh the evidence supporting the ALJ's determination. *See Wall*, 561 F.3d at 1069.

## C. Treating Physicians' Opinions

Ms. Hays contends the ALJ failed to give appropriate consideration to the opinions of two treating physicians, although she concedes that the opinions were not entitled to controlling weight. An ALJ must evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). When a treating source opinion is not given controlling weight, "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons . . . for the weight assigned." *Krauser*, 638 F.3d at 1330. This inquiry is governed by the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1331 (internal quotation marks omitted).

9

### 1. Dr. Marin

Phillip C. Marin, M.D., treated Ms. Hays over several years for problems with her right wrist, including by performing four surgeries. In April 2008 and October 2010, he completed two brief reports about her condition, both of which placed restrictions on her activities that the ALJ did not incorporate into the RFC determination. The ALJ found Dr. Marin's reports were neither well-supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with the objective medical evidence. Aplt. App., Admin. R. Vol. 3, at 645-46. The ALJ also noted the two reports were inconsistent with each other: the October 2010 report placed greater restrictions on Ms. Hays's activities yet also stated Ms. Hays's impairments had been at the same severity level since 2006. In addition, the April 2008 report indicated Ms. Hays had attained maximum medical improvement. Thus, substantial evidence in the record supports the ALJ's determination that Dr. Marin's reports should be given little weight.

### 2. Dr. Dallenbach

Michael A. Dallenbach, M.D., also treated Ms. Hays and evaluated her in connection with a workers' compensation claim. The ALJ gave little weight to Dr. Dallenbach's treatment records and evaluation, as he had indicated that Ms. Hays was unable to work despite imposing a whole person impairment rating of only ten percent. Moreover, the ALJ noted Dr. Dallenbach's records were inconsistent with examinations conducted by other providers, including Dr. Tuchler, who concluded Ms. Hays's ability to use her other extremity could accommodate much of the

10

perceived impact of her medical conditions. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (internal quotation marks omitted)).

## IV. Conclusion

The judgment of the district court is reversed, and the case is remanded with directions to remand the matter to the agency for further proceedings consistent with this order and judgment.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

11