FILED
United States Court of Appeals
Tenth Circuit

May 25, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

KATRINA M. HAYS,

    Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 16-1341
(D.C. No. 1:13-CV-01115-LTB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

    Katrina Hays appeals the district court's order denying her motion for attorney

fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). In a

prior appeal this court remanded Ms. Hays's claims for Social Security disability

benefits and supplemental security income benefits. *Hays v. Colvin*, 630 F. App'x

749 (10th Cir. 2015). In this case, the district court determined that Ms. Hays was

not entitled to attorney fees because the Commissioner's position was "substantially

_____
[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

justified," 28 U.S.C. § 2142(d)(1)(A).  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.       Background

Ms. Hays applied for disability benefits in November 2006.  Eventually, her case was heard by an administrative law judge (ALJ).  Ms. Hays submitted a report by Dipesh Amin, M.D., an examining physician, that primarily discussed her complaints of right hand and wrist pain.  The report also addressed Ms. Hays's knee problems, stating in the narrative section that her ability to stand was limited to approximately four hours a day with appropriate breaks.  The report included a checklist on which Dr. Amin checked one box indicating Ms. Hays could stand for four hours "at one time without interruption," and another indicating that she could walk for four hours "at one time without interruption."  *See Hays*, 630 F. App'x at 752 (internal quotation marks omitted).

At the administrative hearing, the ALJ posed a hypothetical question to a vocational expert (VE) about an individual who could stand or walk with normal breaks for a total of six hours in an eight-hour workday.  The VE responded that such a person could perform light work and identified several jobs the person could perform.  This standing/walking limitation comports with the general requirements for light work.  *See* SSR 83-10, 1983 WL 31251, at *6.  The ALJ concluded that Ms. Hays had the residual functional capacity (RFC) to perform light work with no additional standing/walking limitations.  Accordingly, the ALJ found Ms. Hays not disabled.

2

On appeal to this court, we noted that the ALJ referred briefly to Dr. Amin's assessment without assigning an explicit weight to it and discussed the assessment only as it related to Ms. Hays's right-extremity impairment. We held that the ALJ failed to adequately address Dr. Amin's standing and walking restrictions. We concluded that Dr. Amin's report pertaining to Ms. Hays's ability to stand and walk was inconsistent with both the ALJ's RFC determination and the hypothetical posed to the VE. Therefore, we remanded for clarification of the standing and walking restrictions in Dr. Amin's report. We, however, rejected Ms. Hays's other appellate arguments asserting that the ALJ improperly evaluated other medical evidence.

Ms. Hays then filed a motion for EAJA attorney fees. The district court acknowledged this court's order and judgment but denied the motion, holding, (1) a reasonable person could interpret Dr. Amin's opinion that Ms. Hays could stand four hours and walk four hours as consistent with the ALJ's finding that she could stand and walk a combined six hours, so the ALJ was not required to expressly address Dr. Amin's opinion; (2) the remand order did not imply a lack of substantial justification, but rather the remand was "for 'clarification' regarding the weight given to Dr. Amin's opinions with respect to standing and walking," Aplt. App. Vol. 2, at 320; (3) this court had rejected most of Ms. Hays's appellate arguments; and (4) the remand was for further administrative proceedings, rather than for an outright award of benefits. Ms. Hays now appeals the district court's ruling, asserting error in all of the court's grounds for denying her motion for attorney fees.

3

## II.    Standards of Review

To be entitled to recover attorney fees from the government under the EAJA, a plaintiff must establish (1) that she is a prevailing party, (2) the Commissioner's position was without substantial justification, and (3) there are no special circumstances that warrant denying relief. 28 U.S.C. § 2142(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The only dispute is whether the Commissioner's decision to deny benefits and the Commissioner's litigating position were substantially justified. *See* § 2412(d)(2)(D) (providing that the relevant inquiry pertains to the government's position before the agency, as well as in the civil litigation).

"[T]he Commissioner had the burden of proof to show that her position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citation and internal quotation marks omitted). In other words, the Commissioner's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"We review the district court's determination that the Commissioner's position was substantially justified for an abuse of discretion. An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Hackett*, 475 F.3d at 1172 (citation and internal quotation marks omitted). It is the plaintiff's burden to show that the district court's

4

judgment was an abuse of discretion. *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

### III. Analysis

Ms. Hays first argues that the Commissioner's litigating position in the merits appeal was not substantially justified in law because it was impermissible post hoc rationale for the ALJ's decision. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (rejecting "post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself"). The Commissioner argued that Dr. Amin's opinion was generally consistent with the ALJ's RFC finding and thus any error was harmless. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (holding alleged error was harmless because the ALJ's RFC determination was "generally consistent" with the physician's findings); *see also Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of [RFC]."). The Commissioner characterized Dr. Amin's opinion as saying Ms. Hays could walk for four hours and stand for four hours a day, but "did not limit [her] to stand *or* walk for four hours," Aplt. App. Vol. 1, at 74. Thus, she asserted, Dr. Amin's opinion was generally consistent with the ALJ's finding and a remand was not required for an express ALJ analysis.

We reject Ms. Hays's argument that the Commissioner provided only post hoc rationale. This is not a case in which the Commissioner supplied new reasons for

5

supporting the ALJ's RFC finding. *Cf. Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (rejecting as post hoc rationale the Commissioner's reasons that would support the ALJ's finding but that were "not apparent from the ALJ's decision itself"); *Grogan*, 399 F.3d at 1263 (holding where ALJ omitted discussion of evidence, district court may not provide an explanation for the omission). Rather, the Commissioner argued that the missing findings were not only consistent with the other medical evidence, but were apparent from the ALJ's decision. To the extent Ms. Hays suggests the fact that her case was remanded for further proceedings compels the conclusion that the Commissioner's position was not substantially justified, we reject the suggestion. "The government's position can be substantially justified, we have repeatedly held, even though it is not correct." *Madron*, 646 F.3d at 1257 (brackets and internal quotation marks omitted). In addition, the merits panel did not reverse and remand on the basis of post hoc justification.

Ms. Hays also argues the district court abused its discretion in holding that the Commissioner's position was justified in fact. The district court found: "a reasonable person could believe that Dr. Amin's opinion that Ms. Hays could stand four hours and walk four hours was consistent with the ALJ's determination that she could stand and walk a combined six hours." Aplt. App. Vol. 2, at 319. Ms. Hays contests this finding because, as the merits panel held, such an interpretation did not resolve the inconsistency with the hypothetical posed to the VE, which allowed up to six hours of either standing or walking, without limiting either activity to four hours. She points out that this interpretation was inconsistent with the ALJ's RFC findings

6

and was thus discredited by the merits panel. But Ms. Hays's argument conflates the merits review—applying a substantial evidence standard—and the substantially justified inquiry—asking whether the Commissioner's "litigating position was *reasonable* even if *wrong*," *Madron*, 646 F.3d at 1257. Again, an unsuccessful litigating position does not necessarily fail the test of substantially justified. *See id.*

Finally, Ms. Hays asserts that the district court abused its discretion by considering that the merits panel rejected four of her five appellate arguments, did not imply a lack of substantial justification, and remanded for further proceedings instead of awarding benefits. While we agree that none of these factors directs a denial of EAJA attorney fees, the court was within its discretion to consider them.

Ms. Hays relies on *Hackett* to argue that the district court improperly considered the number of winning arguments the Commissioner raised in the merits appeal. *See Hackett*, 475 F.3d at 1173 n.1 (rejecting Commissioner's argument that she had prevailed on five of the six merits issues because the winning issues were "completely unrelated" to the issue warranting remand). But *Hackett* did not preclude considering the parties' success on their merits arguments. Indeed, *Hackett* recognized that courts must treat the case as "an inclusive whole, rather than as atomized line-items." *Id.* (internal quotation marks omitted).

Moreover, the district court did not abuse its discretion by considering that the merits panel remanded for clarification of Dr. Amin's opinion, thereby not indicating a lack of substantial justification. As the court recognized, "a 'fully justified position may be poorly explained, and remand may be the most appropriate vehicle for

7

elucidating that position.'"  Aplt. App. Vol. 2, at 320 (quoting *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014)); *see DeLong*, 748 F.3d at 726 (in upholding denial of EAJA attorney fees, appellate court afforded considerable weight to the district court's observation that even though a remand was warranted, the record did not strongly establish claimant's entitlement to benefits).

## IV.  Conclusion

We conclude that the district court did not abuse its discretion in denying Ms. Hays's EAJA motion for attorney fees.  The judgment is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

8