FILED
United States Court of Appeals
Tenth Circuit

March 15, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SUZAN L. MADRON,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant-Appellee.

No. 10-1066

---

**ORDER**

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

---

Appellee's motion to publish the order and judgment filed February 4, 2011, is granted. The published opinion, filed nunc pro tunc to its original filing date, is attached.

Entered for the Court

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

February 4, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

SUZAN L. MADRON,

          Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant-Appellee.

No. 10-1066

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:05-CV-00869-WDM)

Submitted on the briefs:[*]

Gerald A. Harley, Harley Law Offices, Littleton, Colorado, for Plaintiff-Appellant.

David M. Gaouette, United States Attorney, Denver, Colorado, and Alexess D. Rea, Special Assistant United States Attorney, and Donna L. Calvert, Acting Regional Chief Counsel, Social Security Administration, Office of the General Counsel, Region VIII, Denver, Colorado, for Defendant-Appellee.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

---

**GORSUCH,** Circuit Judge.

---

Citing back pain and respiratory problems, Suzan Madron alleged she was unable to work and applied for disability benefits. After her application was denied, she sought review, unsuccessfully, first before an administrative law judge ("ALJ"), and then before the district court. Ms. Madron fared better on appeal in this court, however; we agreed with her that the ALJ's decision denying benefits was defective in two respects. *See Madron v. Astrue*, 311 F. App'x 170 (10th Cir. 2009). First, we held the ALJ's credibility determination regarding Ms. Madron's subjective pain testimony wasn't supported by substantial evidence. *Id.* at 181. Second, given the ALJ's finding that Ms. Madron possessed a reading level of 1, and testimony that her previous employment required a reading level of 2, we also held the ALJ was wrong to conclude that Ms. Madron's old job was among the jobs available to her post-injury. *Id.* at 181-82. In light of all this, we remanded the case for an immediate award of benefits.

After prevailing in her underlying disability claim, Ms. Madron sought to recoup her attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The district court denied Ms. Madron's EAJA application, however, holding that the United States had established that its

position in the underlying litigation was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A) (instructing that the court shall award fees and expenses to the prevailing parties unless, among other things, "the court finds that the position of the United States was substantially justified"). Now before us again, Ms. Madron asks us to reverse the district court's ruling that the government's position was substantially justified.

We may do so only if we can say that the district court abused its discretion in reaching the determination it did — something that occurs "when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In conducting our inquiry under this standard of review, it's irrelevant how we, as an initial matter, might have ruled on Ms. Madron's EAJA application. Of necessity, the abuse of discretion standard of review "implies a degree of discretion invested" in the district court, not in this court, to issue a decision "based upon what is fair in the circumstances and guided by the rules and principles of law." *Valley Forge Ins. Co. v. Health Care Mgmt.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation and alteration omitted). Our appellate role is limited to ensuring that the district court's discretionary decision did not fall beyond "the bounds of the rationally available choices [before the district court] given the facts and the applicable law in the case at hand." *Id.*

(internal quotation omitted). And, of course, it is the appellant's obligation to shoulder the burden of showing an error of this magnitude has occurred.

This Ms. Madron says she can do. In her view, the district court's judgment — that the government's litigation position was substantially justified — has to be an abuse of discretion. It has to be, Ms. Madron insists, because the government's position was rejected by this court in her merits appeal. As she puts it, the "Law of the Case" precludes the government from arguing the reasonableness of its litigation efforts; it follows inexorably from this court's conclusion that the ALJ's decision lacked substantial evidence that the government's efforts to defend the decision lacked substantial justification.

We reject this argument because it conflates two different questions. When we review the merits of a denial of benefits, as we did in Ms. Madron's previous appeal, we review for the presence or absence of substantial evidence to support the administrative decision. *See, e.g., Frantz v. Astrue*, 509 F.3d 1299, 1300 (10th Cir. 2007); *Madron*, 311 F. App'x at 175. When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong. See Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988). "The government's position can be [substantially] justified," we have repeatedly held, "even though it is not correct." *Hackett*, 475 F.3d at 1172 (internal quotation marks omitted). The test for

substantial justification under the EAJA, the Supreme Court has added, is simply "one of reasonableness." *Pierce v. Underwood*, 487 U.S. 552, 563-64 (1988). In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification. Ms. Madron's suggestion otherwise is simply erroneous. Neither does Ms. Madron develop in her opening brief any other argument for reversing the district court. Accordingly, any other basis for reversal is waived and this court is obliged to affirm. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (White, J., sitting by designation). AFFIRMED.