**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GINA MURDOCK,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

  Defendant-Appellee.

No. 11-5079
(D.C. No. 4:09-CV-00518-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT***

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Gina Murdock appeals from the order entered by the district court affirming

the Commissioner's decision denying her application for disability insurance

benefits and supplemental security income. We have jurisdiction under 28 U.S.C.

§ 1291 and 42 U.S.C. § 405(g). We reverse and remand for further proceedings.

---

*     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Murdock filed her application for disability benefits in January 2007. Her application was denied initially and on reconsideration. She requested a hearing before an administrative law judge (ALJ). The ALJ evaluated her claim using the five-part sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). At step two, the ALJ determined that Ms. Murdock had the following severe impairments: degenerative joint disease of the knees, mild degenerative disc disease of the lumbar spine, and obesity. At step three, the ALJ concluded that Ms. Murdock did not have an impairment or combination of impairments that met or equaled one of the listed impairments. At step four, the ALJ determined that Ms. Murdock had the residual functional capacity (RFC) to perform sedentary work, with some additional limitations, and that she was capable of performing her past relevant work as a call-center customer service representative. The ALJ therefore concluded that Ms. Murdock was not disabled. The district court upheld the ALJ's decision.

## II.

On appeal, Ms. Murdock contends that the ALJ committed reversible error at step three by failing to discuss the evidence or to discuss the reasons why her knee condition did not meet or equal Listing 1.02. She also asserts that the ALJ erred in his credibility determination at step four. We review the Commissioner's decision to determine whether the factual findings are supported by substantial

evidence in the record and whether the correct legal standards were applied. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

In *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), we reversed a decision denying disability benefits because the ALJ "did not discuss the evidence or his reasons for determining that [the claimant] was not disabled at step three," but instead "merely stated a summary conclusion that the claimant's impairments did not meet or equal any Listed Impairment." We explained that "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." *Id*. We therefore remanded "for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three." *Id*. at 1010.

Here, the ALJ did make findings supported by specific evidence with respect to Ms. Murdock's back condition and depression and why those conditions did not meet the relevant listings. *See* Admin. R. at 15-16. But the ALJ did not discuss the evidence or provide any analysis as to why Ms. Murdock's knee condition did not meet Listing 1.02; instead, the ALJ merely recited the requirements for that listing. *See id*. at 14-15. After his step three discussion, the ALJ concluded that Ms. Murdock "does not have an impairment or

combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id*. at 17. Although this conclusion is supported by evidence and analysis with respect to Ms. Murdock's back condition and depression, the ALJ did not discuss the evidence or make any findings to support the conclusion that Ms. Murdock's knee condition does not meet Listing 1.02. The ALJ erred by failing to do so.

A step three error, such as the one in this case, does not automatically require remand. Instead, we must consider whether "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005). If such findings "conclusively preclude Claimant's qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. *Id*. at 735. If, however, there are no findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, *see id.*, we must remand to the ALJ for further findings, *see Clifton*, 79 F.3d at 1009-10.

The Commissioner asserts that any error in this case is harmless. The Commissioner argues that Ms. Murdock cannot meet Listing 1.02 because she does not have an inability to ambulate effectively, which is one of the

requirements for the listing.[1]  The Commissioner contends that the ALJ "found that Murdock could perform sedentary work, which requires standing or walking for 2 hours in an 8-hour day" and "that Murdock may require a walker, but only for long distances."  Aplee. Br. at 17.  The Commissioner asserts that "[s]uch a finding negates the possibility that Murdock met or equaled Listing 1.02."  *Id*.  We disagree.

The regulations explain that "[t]o ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living."  20 C.F.R. Part 404, Subpt. P, App. 1 § 1.00(2)(b)(2) (italics omitted).  The regulations further provide that "examples of ineffective ambulation include . . . the inability to walk without the use of a walker, two crutches or two canes, [and] the inability to walk a block at a reasonable pace on rough or uneven surfaces."  *Id*.  Finally, the regulations note that "[t]he ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation."  *Id*.

---

[1]     Listing 1.02 is for "Major dysfunction of a joint(s) (due to any cause)" and requires:  (1) "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)"; (2) "chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s)" and (3) "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction or ankylosis of the affected joints(s)" with "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. Part 404, Subpt. P, App. 1 § 1.02 (italics omitted).

Here, the ALJ concluded that Ms. Murdock had an RFC for sedentary work, but qualified the RFC by finding that "[c]laimant may also require a walker to ambulate long distances but not to stand or ambulate for short distances (less than 100 feet)." Admin. R. at 17. As Ms. Murdock argues, "the fact that [she] can ambulate short distances without an assistive device does not constitute effective ambulation" and the ALJ "found that [she] needed a walker if she walked more than 100 feet." Aplt. Reply Br. at 4. Ms. Murdock further contends that an "example of ineffective ambulation is the inability to walk a block at a reasonable pace on rough and uneven surfaces. As such, the ALJ's finding, by itself, is evidence of an inability to ambulate effectively." *Id.* Ms. Murdock concludes by asserting that, "a reasonable administrative factfinder, following the correct analysis, could have found that Murdock could not ambulate effectively." *Id.*

A distance of 100 feet is not very far. To give perspective to this discussion, the distance between each base on a baseball field is 90 feet.[2] That means that Ms. Murdock would need a walker to walk further than the distance between first base to second base, a distance that in general is much shorter than a city block.[3] If Ms. Murdock is unable to walk a block without a walker, then she

---

[2]     *See* http://mlb.mlb.com/mlb/official_info/official_rules/objectives_1.jsp, Official Rules at Rule 1.04.

[3]     There is no standard length for a city block. But some examples of block lengths from cities in this country are 260 feet (Portland), 264 feet (Manhattan), 330 feet (Houston), and 410 feet (Sacramento). *See*

(continued...)

has demonstrated the inability to effectively ambulate. The ALJ's finding that Ms. Murdock may require a walker to ambulate for distances greater than 100 feet does not "conclusively negate the possibility" that she could meet Listing 1.02. Instead, the finding lends support to Ms. Murdock's position that she does meet Listing 1.02.

The ALJ erred by failing to discuss the evidence and the reasons why Ms. Murdock's knee condition does not meet Listing 1.02. Because there are no findings elsewhere in the ALJ's decision that "conclusively preclude Claimant's qualification under the listings at step three" such that "[n]o reasonable factfinder could conclude otherwise," the ALJ's error is not harmless. *Fischer-Ross*, 431 F.3d at 735. Accordingly, we must remand to the ALJ to make the requisite findings at step three. *See Clifton*, 79 F.3d at 1010.[4]

---

[3](...continued)
http://en.wikipedia.org/wiki/City_block.

[4] Because we reverse and remand for additional proceedings at step three, it is unnecessary for us to reach Ms. Murdock's contention that the ALJ erred in assessing her credibility as part of its step four RFC determination. *See*, *e.g.*, *Clifton*, 79 F.3d at 1010 (remanding for step three error and declining to consider step five error).

### III.

The judgment of the district court is REVERSED, and the case is REMANDED with instructions to remand to the Commissioner for additional proceedings consistent with this order and judgment.


Entered for the Court


Stephen H. Anderson
Circuit Judge