FILED
United States Court of Appeals
Tenth Circuit

June 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GINA MURDOCK,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[*]

      Defendant-Appellee.

No. 12-5191
(D.C. No. 4:09-CV-00518-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Gina Murdock applied for Social Security disability and Supplemental

Security Income benefits in 2007. The agency denied her application. Following her

unsuccessful attempts for review before an administrative law judge ("ALJ") and the

---

[*]      In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court, she convinced this court that the ALJ had failed to make the proper findings at step three of the sequential process for evaluating disability claims. We remanded for further proceedings. *See Murdock v. Astrue*, 458 F. App'x 702, 705 (10th Cir. 2012).

The agency next granted Ms. Murdock's application for benefits, but the district court denied her attorney fees application under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. She appeals from that denial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In evaluating an EAJA fee application, the district court must determine whether the government's litigating position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). It must be "*reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (emphasis in original); *see also Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (defining "substantially justified" as "justified in the substance or in the main—that is justified to a degree that could satisfy a *reasonable* person." (emphasis added)). We review this determination for abuse of discretion. *Id.* at 559.

At step three, an ALJ must support, with findings based on the evidence, its decision that the claimant's impairments failed to meet or equal a listed impairment. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The government argued that the ALJ did so. Alternatively, the government argued that any error in failing to make findings was harmless in light of findings the ALJ made at later steps.

For its harmless-error argument, the government relied on *Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005). In that case, we found a step three error to be harmless in light of findings the ALJ made regarding the claimant's residual functional capacity (RFC) conclusively negating that she could meet the relevant listing. In Ms. Murdock's case, the issue was whether she had an inability to ambulate, a necessary requirement for Listing 1.02. The government argued that the ALJ's RFC finding that Ms. Murdock could perform sedentary work, which requires standing and walking for two hours in an eight-hour day, and the ALJ's additional finding that she may require a walker, but only for long distances, negated that she qualifies for Listing 1.02.

Although we disagreed with this argument in the underlying merits appeal, the district court determined that the government's position was substantially justified given the evidence in the case and denied the request for EAJA fees. We cannot conclude that this decision fell outside "the bounds of the rationally available choices . . . given the facts and the applicable law." *Madron,* 664 F.3d at 1257 (internal quotation marks omitted). Accordingly, we affirm.

Entered for the Court


Scott M. Matheson
Circuit Judge