FILED
United States Court of Appeals
Tenth Circuit

July 25, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

G.H. DANIELS III & ASSOCIATES,
INC.; HANDY ANDY SNOW
REMOVAL,

     Plaintiffs - Appellants,

v.

PATRICK PIZZELLA,* Acting Secretary
of U.S. Department of Labor; KEVIN
McALEENAN,** Acting Secretary of
U.S. Department of Homeland Security;
MICHAEL R. POMPEO, Secretary of
State; WILLIAM P. BARR, United
States Attorney General,

     Defendants - Appellees.

No. 18-1375
(D.C. No. 1:12-CV-01943-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**\*\*\*

_____

    \* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Patrick Pizzella is substituted for Alexander Acosta as
Defendant-Appellee in this action.

    \*\* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Kevin McAleenan is substituted for Kirstjen Nielsen as
Defendant-Appellee in this action.

    \*\*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Appellants G.H. Daniels III & Associates, Inc. and Handy Andy Snow Removal employ H-2B nonimmigrant guest workers to perform seasonal work. They filed suit against the Department of Homeland Security ("DHS") challenging DHS's administration of the H-2B visa program. After prevailing on their claim that DHS impermissibly sub-delegated its decisionmaking authority under the H-2B visa program to the Department of Labor ("DOL"), they moved for an award of attorneys' fees, costs, and expenses pursuant to the Equal Access to Justice Act ("EAJA"). The district court denied the motion, and they appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

**I**

The H-2B visa program permits United States employers to recruit and hire foreign workers to fill temporary, unskilled, non-agricultural positions for which domestic workers cannot be located. See 8 U.S.C. § 1101(a)(15)(H)(ii)(b). DHS sets the terms and conditions for admitting H-2B nonimmigrants, but the determination of whether to admit a nonimmigrant worker in each specific case must be made "after consultation with appropriate agencies of the Government." § 1184(c)(1) (emphasis added).

In 2008, DHS issued regulations that require H-2B petitioners to secure a valid labor certification from DOL before filing an H-2B foreign worker petition with

2

DHS. Appellants challenged this regulation. The government moved to dismiss the complaint, arguing that DHS's exercise of its authority to require that an employer first obtain a labor certification from DOL is authorized by the "consultation" provision in § 1184(c)(1). The district court agreed, but we reversed on appeal. We concluded that "DHS's formulation of the scope and nature of DOL's 'consultation' is unreasonable." G.H. Daniels III & Assocs. v. Perez, 626 F. App'x 205, 210 (10th Cir. 2015) (unpublished).

The government then filed a petition for rehearing, which we denied. We noted the government raised a new argument in its petition—"that 8 U.S.C. § 1103(a)(6) gave DHS authority to subdelegate its H-2B decision-making authority to DOL." Id. at 212 n.10. We explained that, "[the government's] argument has always been there is no subdelegation" and "[i]t clearly waived any reliance on 8 U.S.C. § 1103(a)(6) in this case or, at best, forfeited the issue." Id. And we further explained, "[i]t is too late in the process to entertain waived/forfeited arguments that may or may not be meritorious." Id.

Because appellants prevailed on the subdelegation claim, they filed a motion for fees and costs under EAJA. That statute directs a court to award fees and other expenses to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified." § 2412(d)(1)(A).

The district court denied the motion, explaining that the government's theory had been adopted in decisions of multiple courts, including the Third Circuit, and that

the government may take substantially justified positions and still lose, see <u>Pierce v. Underwood</u>, 487 U.S. 552, 569 (1988).  Appellants now appeal.

## II

We review the district court's denial of a motion for fees under EAJA for abuse of discretion.  See <u>Madron v. Astrue</u>, 646 F.3d 1255, 1257 (10th Cir. 2011).  An abuse of discretion "occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings."  <u>Id.</u> (quotations omitted).  "Our appellate role is limited to ensuring that the district court's discretionary decision did not fall beyond the bounds of the rationally available choices before the district court given the facts and the applicable law in the case at hand."  <u>Id.</u> (quotations and alterations omitted).

In their motion for fees, appellants argued the government's position was unreasonable.[1]  They sought fees for all stages of the litigation, including the time

---

[1] Although this is an appeal from the denial of appellants' motion for fees under EAJA, appellants inexplicably failed to include a copy of that motion in their appendix.  "An appellant represented by retained counsel must electronically file an appendix sufficient for considering and deciding the issues on appeal."  10th Cir. R. 30.1(B)(1).  "When the appeal is from an order disposing of a motion . . . , the motion . . . must be included in the . . . appendix."  10th Cir. R. 10.4(D)(2).  "The court need not remedy any failure of counsel to provide an adequate appendix," 10th Cir. R. 30.1(B)(3), and "[w]hen the party asserting an issue fails to provide a record or appendix sufficient for considering that issue, the court may decline to consider it," 10th Cir. R. 10.4(B).  Although we have the authority to go beyond the appendix to review documents filed in the district court, we are not obligated to do so.  See <u>Burnett v. Sw. Bell Tel., L.P.,</u> 555 F.3d 906, 907-08 (10th Cir. 2009).  We have retrieved appellants' motion from the district court docket and reviewed it, but caution counsel that filing an insufficient appendix could result in a summary affirmance of the district court's decision.  <u>Id.</u> at 910.

4

spent researching and preparing a response to the government's petition for rehearing. They asserted the government unreasonably reversed its previous litigation position in its petition for rehearing, without authority or reasonable basis for changing its position, and that "[t]he inconsistency in the government's positions prior to its petition for rehearing and in its petition for rehearing establishes that its changing positions were not substantially justified." The district court's order denying the motion for fees does not mention this argument or otherwise discuss the government's petition for rehearing.

On appeal, appellants argue the district court abused its discretion by failing to consider the argument regarding the government's change of position in its petition for rehearing. And appellants specifically contend that the government's unreasonable position in the petition for rehearing constitutes sufficient justification to award EAJA fees.

The Supreme Court has explained: "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." Comm'r v. Jean, 496 U.S. 154, 161-62 (1990). In reviewing appellants' motion for fees under EAJA, the district court should have considered appellants' argument regarding the government's position on rehearing as part of the district court's holistic assessment of whether the government's overall position in the litigation was justified. See United States v. Johnson, 920 F.3d 639, 649 (10th Cir. 2019) (finding persuasive the Fourth Circuit's conclusion "that the substantial-justification inquiry

should focus holistically on whether the government acted reasonably in causing the litigation or in taking a stance during the litigation" (quotations omitted)), pet. for cert. filed, (U.S. June 27, 2019) (No. 19-10). We are unable to discern from the district court's decision whether it considered appellants' argument about the government's petition for rehearing. We therefore must remand for the district court to explicitly address this issue as part of its substantial-justification inquiry. Cf. Griffen v. City of Okla. City, 3 F.3d 336, 342 (10th Cir. 1993) (remanding to district court for further findings or explanation because this court could not tell from the district court's order why it refused to impose sanctions and therefore this court was left with no "means by which to judge the exercise of the [district] court's discretion" (quotations omitted)).

### III

Accordingly, we **REVERSE** and **REMAND** to the district court for further proceedings consistent with this decision.

Entered for the Court

Carlos F. Lucero
Circuit Judge