FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| LYNESHA S. DAVIS, | |
| Plaintiff - Appellant, | |
| v. | No. 21-3148 |
| | (D.C. No. 2:20-CV-02300-JWL) |
| COMMISSIONER OF SOCIAL SECURITY, | (D. Kan.) |
| Defendant - Appellee. | |

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Lynesha Davis appeals the district court's order denying her motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

## A.  *Procedural History*

In 2018, Ms. Davis applied for supplemental security income ("SSI") under

Title XVI of the Social Security Act.  An administrative law judge ("ALJ")

considered her previous 2014 SSI application with her 2018 application.  Following a

hearing, the ALJ found Ms. Davis was not disabled under the Act.  In his written

decision, the ALJ did not discuss a statement from Ms. Davis's friend, who reported

that Ms. Davis experienced significant limitations and described symptoms similar to

those Ms. Davis described in her applications.  Ms. Davis did not file exceptions to

the ALJ's decision with the agency's Appeal Council, and the Appeal Council did not

review the decision on its own motion.  The ALJ's decision was therefore the

Commissioner's final decision for purposes of judicial review.  *See* 20 C.F.R.

§ 416.1484(d).

Ms. Davis sought district court review of the Commissioner's decision,

arguing the ALJ erred by not discussing the friend's statement.  In response, the

Commissioner argued the ALJ did not err and, even if he had, any error was harmless

because the same evidence discounting Ms. Davis's reported symptoms also

discredited the friend's statement.  The district court agreed with Ms. Davis and held

the ALJ's omission was error, rejected the Commissioner's harmless error argument,

and remanded for further administrative proceedings ("merits decision").

Ms. Davis then filed a motion for attorney fees under the EAJA.  The district court denied the motion, concluding the Commissioner's litigation position, though unsuccessful, was substantially justified ("fee decision").

## B. *Legal Background*

Under the EAJA, the prevailing party in an action brought by or against the United States is entitled to attorney fees, other expenses, and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  We have defined "substantially justified" to mean that the Commissioner's position was reasonable in law and in fact.  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  "[T]he government must establish three components to meet this test of reasonableness: a reasonable basis for the facts asserted; a reasonable basis in law for the legal theory proposed; and support for the legal theory by the facts alleged."  *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993).

Under this test, the government's position must be "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (quotations omitted).  In other words, the government's position is substantially justified "if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (brackets and quotations omitted).  Because "a position can be justified even though it is not correct," *id.* at 566 n.2, "it does not necessarily follow from [a reviewing court's ruling] vacating an administrative

3

decision that the government's efforts to defend that decision lacked substantial justification," *Madron v. Astrue*, 646 F.3d 1255, 1258 (10th Cir. 2011).

The term "position" in the EAJA includes the ALJ's position in the underlying social security proceedings and the agency's position in a later civil action or appeal before a district court. *Hackett*, 475 F.3d at 1172-73. In general, "EAJA fees should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* at 1174 (quotations omitted). "But we have recognized an exception when the government advances a reasonable litigation position that cures" an ALJ's errors, and that exception applies "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (brackets and quotations omitted).[1]

We review de novo whether the district court used the correct legal standard in applying the EAJA. *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988). But "[w]e review the district court's determination that the Commissioner's position was substantially justified for an abuse of discretion." *Hackett*, 475 F.3d at 1172. A district court abuses its discretion when it "bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Id.* In reviewing for an abuse of discretion, our "role is limited to ensuring that the district court's

---

[1] We may consider non-precedential, unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

discretionary decision did not fall beyond the bounds of the rationally available choices." *Madron*, 646 F.3d at 1257 (quotations omitted).

## II. DISCUSSION

Ms. Davis's arguments fall into two categories. First, she contends the district court applied the wrong legal standard to award attorney fees. Second, she contends the court abused its discretion in determining that the Commissioner's harmless error argument was substantially justified.

### A. *The District Court Applied the Correct Legal Standard*

Ms. Davis advances four theories to contend the district court applied the wrong legal standard in ruling on her fee motion. We reject all of them and conclude that the district court applied the correct standard.

### 1. Harmless Error Ruling

Ms. Davis maintains that the district court's rejection of the Commissioner's harmless error argument in the merits decision constituted a finding that the argument was not substantially justified. It follows, she contends, that the court's fee decision that the Commissioner's position was substantially justified "directly contradicts its original finding." Aplt. Am. Opening Br. at 22; *see also id.* at 16 ("The district court's first order in the case in chief found that the Commissioner's . . . litigation [position] was not substantially [justified.]" (bolding and initial capitalization omitted)). This argument misunderstands both the district court's rulings and the law.

In its merits decision, the district court concluded that Ms. Davis's allegations and the friend's statement were not so similar that the court could say the same evidence the ALJ considered in discounting Ms. Davis's reported symptoms also discredited the friend's statement. In its fee decision, the court concluded the Commissioner was substantially justified in arguing that Ms. Davis's allegations and the friend's statement were similar enough that the ALJ's stated reasons for discounting the former also discredited the latter. These conclusions are not inconsistent. At the EAJA stage, the court found the Commissioner's position to be substantially justified, not because the ALJ's error was harmless, but because it was not unreasonable to argue that it was harmless. The court determined the Commissioner's harmless error arguments drew support based on *Evans*, other unpublished Tenth Circuit decisions, and conflicting district court outcomes in cases in which the government advanced similar harmless error arguments.

Ms. Davis conflates the district court's merits analysis and its fee analysis. She urges that her victory at the merits stage compels the conclusion that the Commissioner's litigation position was not substantially justified. But that is not the law. As we explained in *Hadden*, a standard that equates the merits inquiry with the substantial justification inquiry "would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits," 851 F.2d at 1269, and "Congress never intended to adopt this standard," *id.* at 1268. "The government's success or failure on the merits . . . may be evidence of whether its position was substantially justified, but that success or failure alone is not

6

determinative of the issue." *Id.* at 1267.  We therefore reject Ms. Davis's reliance on the merits decision to secure EAJA attorney fees.

### 2.  **Applications of *Evans***

Ms. Davis contends the district court legally erred by applying *Evans* in ruling on her fee application.  She contends *Evans* applies only when the harmless error question involves an evolving legal principle, and the issue here did not.  Her argument misinterprets *Evans*.

We recognized in *Evans* that "[t]he government is more likely to meet [the substantial justification] standard when the legal principle on which it relied is unclear or in flux."  640 F. App'x at 733 (quotations omitted).  But we did not suggest that an unsuccessful harmless error argument based on settled legal principles cannot be substantially justified for EAJA purposes.  Indeed, *Evans* held that such an argument is not unreasonable when there are decisions with conflicting outcomes and the "issue turns on the individual facts of the case." *Id.* at 737.

Applying that principle here, the district court pointed to Tenth Circuit decisions finding no reversible error in an ALJ's failure to discuss third-party statements.  It also cited conflicting district court outcomes in cases involving similar issues.  And based on that authority, the court determined that the Commissioner's position under the facts of this case was substantially justified. *See Best-Willie v. Colvin*, 514 F. App'x 728, 736 (10th Cir. 2013) (ALJ's failure to discuss lay witness statement was harmless error where the same evidence the ALJ cited in discounting the claimant's allegations also discredited the lay witness statement); *Brescia v.*

7

*Astrue*, 287 F. App'x 626, 630 (10th Cir. 2008) ("While the ALJ did not explicitly discuss the statements of [claimant's] sister and friend, we do not believe this omission is grounds for a remand given the nature of their evidence, which was largely cumulative."). We conclude the district court did not err.

### 3. **True Harmless Error Argument**

Ms. Davis also contends the district court legally erred in applying *Evans* because the Commissioner did not make a "true 'harmless error' argument." Aplt. Am. Opening Br. at 18. That is, given that "the ALJ offered no explanation at all for his failure to [c]onsider the third-party" statement, the Commissioner's argument "supplie[d] a new factual and/or legal predicate not present in the ALJ's reasoning." *Id.*

This argument fails because the Commissioner did not present an "entirely new legal theory . . . based on reasoning not explicitly relied on by the ALJ." *Hackett*, 475 F.3d at 1175 (brackets and quotations omitted). Nor did the Commissioner ask the district court to affirm the ALJ's decision on grounds different from those considered by the agency. *See id.* at 1174-75. Rather, the Commissioner argued that the ALJ's error was harmless because other reasoning in his decision supplied sufficient grounds for affirmance notwithstanding the error. This is a well-established harmless error argument. *See, e.g.*, *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734-35 (10th Cir. 2005) (ALJ's failure to make detailed findings at one step of the sequential analysis was harmless where findings "made elsewhere in the ALJ's decision" provided a

proper basis for his conclusion); *see also Best-Willie*, 514 F. App'x at 736; *Brescia*, 287 F. App'x at 630.[2]

4. **Legal Standard Based on Belief**

Finally, Ms. Davis argues that the district court erred when it determined that "the Commissioner was substantially justified in arguing for harmless error on the basis of [her] *belief* that although" the friend's statement and Ms. Davis's allegations were not identical, they were similar enough that discrediting the latter also discredited the former, ROA, Vol. I at 93 (emphasis added). Ms. Davis maintains that "[t]he correct legal standard does not rely on the Commissioner's belief," but rather on the evidence the ALJ considered and whether a reasonable factfinder would have decided the same as the ALJ. Aplt. Am. Opening Br. at 24 (quotations omitted).

Ms. Davis's argument again conflates the district court's merits review—applying a substantial evidence standard to the ALJ's findings—and its substantially justified EAJA inquiry—asking whether the Commissioner's litigation position was substantially reasonable. The district court's reference to the Commissioner's "belief" does not mean the court applied the wrong standard in determining whether

---

[2] In making this argument, Ms. Davis maintains "the Commissioner is collaterally estopped" from arguing that the agency's position at the merits stage was substantially justified because the government "has not shown that neither its position in the civil action nor its position in the civil action were substantially justified." Aplt. Am. Opening Br. at 18. As we understand it, this argument, like her others, boils down to contending the district court's merits ruling requires us to find that the Commissioner's position lacked substantial justification. But we have already rejected this argument.

her position was reasonable. As the Supreme Court explained in *Pierce*, the legal question at the EAJA stage "will not be precisely the same as the merits: not what the law now is, but what the Government was substantially justified in believing it to have been." 487 U.S. at 560-61. The district court's "belief" statement followed its discussion of what *Pierce* characterized as "objective indicia" of reasonableness. *Id.* at 568. Read in that context, the court's statement is consistent with application of the *Pierce* reasonable person test. *See id.* at 566 n.2 (explaining that a position is substantially justified if "a reasonable person could think it correct"). The district court therefore did not err.

B. ***The District Court's Substantial Justification Determination Was Not an Abuse of Discretion***

Ms. Davis contends the district court abused its discretion in finding that the Commissioner's position was substantially justified. She challenges the district court's conclusion on two grounds, and we reject both.

1. **Contrary to Law**

Ms. Davis argues the district court's analysis of the Commissioner's harmless error argument was contrary to agency regulations and case law requiring an ALJ to consider lay witness statements. Ms. Davis is correct that an ALJ must consider third-party statements, *see* 20 C.F.R. § 416.926a(b)(3). Also, an ALJ's decision must discuss the evidence supporting the decision, uncontroverted evidence the ALJ did not rely on, and "significantly probative evidence [the ALJ] reject[ed]," *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). We further agree with Ms. Davis that a

litigation position that contravenes agency regulations and judicial precedent is not legally reasonable and thus cannot be substantially justified. *See Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)); *see also Harris*, 990 F.2d 520-21 (explaining that to be substantially justified, the government's position must have "a reasonable basis in law for the legal theory proposed").

But that said, nothing in the Commissioner's harmless error argument to the district court contradicted those rules. The Commissioner did not argue the ALJ was not required to consider the third-party statement. Rather, she argued that (1) the ALJ's failure to discuss the statement was not error because the statement was neither uncontroverted nor significantly probative, and (2) if the ALJ erred, the omission was harmless because the statement was cumulative of allegations the ALJ expressly rejected. We thus find no abuse of discretion in the district court's conclusion that the Commissioner's litigation position, though unsuccessful, was legally reasonable. *See Clifton*, 79 F.3d at 1009-10 (recognizing that "the ALJ is not required to discuss every piece of evidence"); *Best-Willie*, 514 F. App'x at 736 (ALJ's failure to discuss third-party statement harmless where decision explained reasons for rejecting similar evidence); *Brescia*, 287 F. App'x at 630 (same).

## 2. **Merits and Fee Decisions Conflict**

Ms. Davis finally argues the district court's substantial justification finding in the fee decision constitutes an abuse of discretion because it conflicts with the merit decision. This echoes her arguments about the applicable legal standard, which we

11

have already rejected. Again, the district court's merits and fee decisions are not inconsistent because the Commissioner's position can be wrong at the merits stage but substantially justified for EAJA purposes. *See Pierce*, 487 U.S. at 566 n.2; *Madron*, 646 F.3d at 1257-58.

Ms. Davis presents no arguments that would permit us to conclude the district court's substantial justification determination in its fee decision "f[e]ll beyond the bounds of the rationally available choices before" it. *Madron*, 646 F.3d at 1257 (quotations omitted). The court cited ample authority, including *Pierce*, *Madron*, *Evans*, and *Best-Willie*, supporting its conclusion that the agency's position, though unsuccessful, had a reasonable basis in law. We thus find no abuse of discretion in that determination.

## III. **CONCLUSION**

Because the district court applied the correct legal standards and did not abuse its discretion in finding that the Commissioner's litigation position in district court on review of the ALJ's decision was substantially justified, we affirm the order denying Ms. Davis's motion for attorney fees.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

12